UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-05558-SVW (SK)                           Date: August 23, 2022

Title   Stacey Ann Foster v. General Paul Nakasone et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  Connie Chung  | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

None present                                       None present

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: VEXATIOUS LITIGANT STATUS**

  Pro se plaintiff Stacey Ann Foster has filed six complaints in the last five years with nearly identical allegations that (with one exception) were summarily dismissed as frivolous.[1]  In the case most recently dismissed only 13 weeks ago, Plaintiff was warned that "that she may be declared a vexatious litigant under Local Rule 83-8.3 if she refiles a complaint with similar frivolous allegations for a seventh time."  (Case No. 2:22-cv-2321, ECF 5 at 3).  Not only that, but she was given the option to have her filing fees returned last time *conditioned* on her "confirming that she will cease filing such similar complaints."  (*Id.*).  Plaintiff so confirmed, stating that "[she] will cease filing such similar complaints."  (Case No. 2:22-cv-2321, ECF 8 at 1).  As a result, her filing fees

---

[1] Five were dismissed for lack of jurisdiction because "obviously frivolous" complaints do not "confer federal subject matter jurisdiction."  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).  *See* Case No. 2:17-cv-7519 (accusing the EEOC of implanting devices upon her person used to harass her at home, school and work); Case No. 2:18-cv-9833 (accusing the United States and the EEOC of implanting "a device or devices on [her] person that can be used to read [her] mind and also relay [her] thoughts to others"); Case No. 2:21-cv-3011 (claiming that implanted device can be used to "end [her] life" and was used to disable her causing multiple car accidents); Case No. 2:21-cv-7106 (alleging the EEOC and NSA implanted a device which is "being used to monitor, watch and harass [her]" and "control bodily functions"); Case No. 2:22-cv-2321 (alleging that the heads of the National Security Agency and the Equal Employment Opportunity Commission are tracking, surveilling, harassing, and harming her with implanted devices and hidden cameras).  The sixth was dismissed for lack of prosecution.  *See* Case No. 2:20-cv-5145 (accusing the EEOC, NSA, FBI and others of implanting "devices on [her] person that are being used to give [her] supposed therapy while at work and also at home" and are "being used to monitor, watch and harass [her]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-05558-SVW (SK)                                              Date: August 23, 2022

Title   Stacey Ann Foster v. General Paul Nakasone et al.

from the last case were returned based on Plaintiff's promise that she would not refile the same frivolous complaint a seventh time.

Plaintiff broke that promise.  Much as before, she is again trying to sue federal officials and agencies for implanting a device in her that is used to control her and read her mind, following and harassing her, and placing "pinhole cameras" in her home to observe her.  (ECF 5 at 2).  She also alleges that Defendants followed her to Canada while she was on vacation to confront her, and that others are allowed to remove their device, but she doesn't know how to remove hers.  (*Id.*).  In other words, Plaintiff is doing exactly what vexatious litigants do: repeatedly filing nearly identical frivolous complaints.  *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014).

Plaintiff is thus **ORDERED TO SHOW CAUSE** in writing (not to exceed five pages) by no later than **September 6, 2022** why she should not be declared a vexatious litigant in accordance with Local Rule 83-8.  *See Ringgold-Lockhart*, 761 F.3d at 1062.  Once declared a vexatious litigant, Plaintiff can be required to post security in the amount determined by the Court and to obtain written authorization from a judge before filing any documents with the Clerk's Office.  *See* Local Rule 83-8.2.

Plaintiff may discharge this order by filing a Notice of Voluntary Dismissal using the attached form CV-09.  If Plaintiff files no voluntary dismissal or other timely response to this order, the Court may also dismiss this action involuntarily for lack of prosecution.  *See* Fed. R. Civ. P. 41(b); Local Rule 41-1.

**IT IS SO ORDERED.**