UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY ANN FOSTER,<br><br>                Plaintiff,<br><br>        v.<br><br>GENERAL PAUL NAKASONE et al.,<br><br>                Defendants. | Case No. 2:22-cv-5558-SVW (SK)<br><br>**FINAL ORDER TO SHOW CAUSE** |

   The Court has received Plaintiff's response (ECF 7) to the order to show cause why she should not be declared a vexatious litigant (ECF 6).  But that response not only fails to rebut the reasons why Plaintiff should be declared a vexatious litigant, it also only confirms the frivolousness of her—now *seventh*—complaint raising identical claims that have all been summarily dismissed.  This order explains that Plaintiff now (as much as ever) meets all the criteria for vexatious litigant designation.  *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

   1.   *Notice and Opportunity*.  Plaintiff has acknowledged receiving at least two orders notifying her that she may be declared a vexatious litigant if she continues to file the same complaint that has repeatedly been dismissed.  (ECF 6 at 2, ECF 7; Case No. 2:22-cv-02321, ECF 5 at 3, ECF 8 at 2).  Plaintiff has thus been provided with adequate notice and opportunity to oppose the designation.  *See Kelmar v. Bank of Am. Corp.*, 599 F. App'x 806, 807 (9th Cir. 2015).

   2.   *Compilation of Adequate Record for Review*.  As previously documented, this is Plaintiff's seventh complaint.  Five were dismissed early

for lack of jurisdiction[1] because they were obviously frivolous. The sixth was dismissed for lack of prosecution shortly after its filing.[2] Thus, there is an "adequate record for review . . . listing . . . all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ringgold-Lockhart*, 761 F.3d at 1063.

    3.    *Substantive Findings of Frivolousness*. Though there is no "numerical definition" for frivolousness, *Ringgold-Lockhart*, 761 F.3d at 1064, both the number and content of Plaintiff's repeated filings reveal all the necessary "indicia of the frivolousness" of her claims, *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). In her present response, for instance, Plaintiff essentially repeats the same assertions in her current and prior complaints. (ECF 7 at 2-5). She also attaches nearly 300 pages of text messages sent to herself evidently to document whatever sensations or thoughts she was having the moment of each text. (*Id.* at 5-300). And in a prior response, she attached pictures of apparent thumbtack holes as purported evidence of "pinhole cameras" placed in her residence. (Case No. 2:21-cv-3011, ECF 10 at 3-5). Faced with nearly identical facts, federal courts have uniformly and consistently dismissed such fanciful claims with

---

[1] *See* Case No. 2:17-cv-7519 (accusing the Equal Employment Opportunity Commission of implanting devices upon her person used to harass her at home, school and work); Case No. 2:18-cv-9833 (accusing the United States and the EEOC of implanting "a device or devices on [her] person that can be used to read [her] mind and also relay [her] thoughts to others"); Case No. 2:21-cv-3011 (claiming General Paul M. Nakasone implanted a device in Plaintiff that can be used to "end [her] life" and was used to disable her causing multiple car accidents); Case No. 2:21-cv-7106 (alleging the EEOC and National Security Agency implanted a device which is "being used to monitor, watch and harass [her]" and "control bodily functions"); Case No. 2:22-cv-2321 (alleging that the heads of the NSA and the EEOC are tracking, surveilling, harassing, and harming her with implanted devices and hidden cameras).

[2] *See* Case No. 2:20-cv-5145 (accusing the EEOC, NSA, FBI, Wedge Management Inc., and Staff of Housing and Community Services, Inc. of implanting "devices on [her] person that are being used to give [her] supposed therapy while at work and also at home" and are "being used to monitor, watch and harass [her]").

dispatch.³ Plaintiff's claims are "patently without merit." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007).

4. *Narrowly Tailored Vexatious Litigation Order.* The Court has exhausted alternative means to discourage Plaintiff's vexatious filings. Last time, the Court offered and agreed to return the full amount of her civil filing fees (even though not obligated to do so) if Plaintiff confirmed that "[she] will cease filing such similar complaints." (Case No. 2:22-cv-2321, ECF 8 at 1). Yet after making that promise—and within weeks of getting back her filing fees—in the last dismissed case, Plaintiff broke her commitment and filed the current complaint anyway. (ECF 6 at 1, ECF 8). It is thus clear that Plaintiff has "abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3. Entering any more narrowly tailored remedies without an accompanying vexatious litigant

---

³ *See, e.g.*, *McGinnis v. Freudenthal*, 426 F. App'x 625, 628 (10th Cir. 2011) (affirming dismissal of complaint as "delusional and unsupported by any factual basis" where Plaintiff alleged "torture and malicious cruelty by the government and prison officials, specifically, torture by digital electromagnetic waves and other clandestine methods"); *Newby v. Obama*, 681 F. Supp. 2d 53, 55-56 (D.D.C. 2010) (dismissing complaint as lacking jurisdiction because of frivolousness where Plaintiff alleged "she is under surveillance by various government agencies and officials" who are stalking, harassing, and conspiring against her); *Terry v. United States*, 2014 WL 5106984, at *1-*2 (C.D. Cal. Oct. 10, 2014) (dismissing complaint as lacking jurisdiction because of frivolousness where Plaintiff alleged the NSA and others are "using radio frequency 'directed energy' weapons to send 'voices' to Plaintiff's head" and the "alleged voices assertedly cause Plaintiff to experience terror, suicidal feelings, sleep deprivation, sickness, headaches and psychiatric emergencies"); *Cain v. Obama*, 2014 WL 3866062, at *1-*2 (C.D. Cal. Aug. 6, 2014) (dismissing complaint as lacking jurisdiction because of frivolousness where Plaintiff alleged that "various federal agencies have caused 'military grade biomedical devices' to be implanted in the bodies of Plaintiff and his two minor children" and that the "'radiofrequency devices' allegedly permit Defendants to control and track Plaintiff's movements, control or alter Plaintiff's mind, and cause Plaintiff to suffer physically"); *Bivolarevic v. U.S. CIA*, 2010 WL 890147, at *1-*2 (N.D. Cal. Mar. 8, 2010) (dismissing complaint as lacking jurisdiction because of frivolousness where Plaintiff alleged the CIA subjected her to "voice to skull technology" which is being used as a "mind control weapon"); *Kolev v. Davidi*, 2008 WL 4447561, at *2 (C.D. Cal. Sept. 29, 2008) ("Federal courts have repeatedly dismissed claims brought by citizens who suspect federal agencies have engaged in unlawful surveillance or wiretapping activities based upon nothing but a personal belief as fantastic or delusional." (cleaned up)).

order now appears futile. *See De Long*, 912 F.2d at 1148. In fact, other sanctions may be needed to protect the integrity of the judicial process. *See Ringgold-Lockhart*, 761 F.3d at 1062.

Plaintiff is thus explicitly warned that any or all of the following pre-filing conditions and restrictions (and any others found appropriate) may be imposed with a vexatious litigant order: (1) requiring Plaintiff to obtain pre-filing written authorization from a judge of this court before filing any new lawsuits similarly alleging that government agencies or officials are monitoring her with covert devices; and/or (2) compelling Plaintiff to post a significant financial security bond (potentially in the thousands of dollars) in order to file a new action even if it has been authorized. *See Molski*, 500 F.3d at 1065 n.8; L.R. 83-8.2.

\* \* \* \* \* \* \* \*

For all these reasons, Plaintiff is ORDERED TO SHOW CAUSE—for the last time—why she should not be declared a vexatious litigant. Plaintiff may discharge this Order to Show Cause by filing a notice of voluntary dismissal with the attached Form CV-09. But if afterward, Plaintiff files another complaint substantially identical to the current one, she may be declared a vexatious litigant with no further notice based on the findings in this order. Plaintiff's notice of voluntary dismissal or other response to this order is due in writing by no later than Wednesday, October 12, 2022. Failure to comply will lead to involuntary dismissal of this case WITH PREJUDICE and create only further evidence that Plaintiff must be declared a vexatious litigant in order to protect the integrity of the judicial process.

IT IS SO ORDERED.

DATED: October 6, 2022

STEVE KIM
United States Magistrate Judge